## 9923

### DALY v. CEMENTILE ROOFING COMPANY.

#### (95 S. E. 333.)

ESTOPPEL—ESTOPPEL IN PAIS—ASSURANCE TO CONTRACTOR.—If the manufacturer of roofing assured a contractor that rafters in a new building were sufficient to carry the load of the roofing, doing so to get the contract to supply roofing, in the owner's action against it on its guaranty of its roofing, it cannot be heard to say that the rafters were not sufficient.

Before WHALEY, County Judge, Richland, August, 1917. Reversed.

Action by Mrs. O. Daly against the Cementile Roofing Company. From a judgment, plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *As to construction of guaranty:* 20 Cyc. 1424; 12 Wheaton 515; 6 L. Ed. 712. *As to estoppel by contract:* 21 S. E. 755; 50 S. C. 459; 57 S. C. 125; 100 U. S. 578; 25 L. Ed. 618; 16 Cyc. 722.

*Mr. H. N. Edmunds,* for respondent.

March 11, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff appeals from judgment of nonsuit in this action to recover damages for breach of the following guaranty: "In consideration of the sum of $376.70, * * * we

hereby guarantee our product known as 'Cementile,' placed upon roof for you. * * * We guarantee the aforesaid cementile roofing to be free from all defects as to material and workmanship, and we hereby guarantee to keep the same in repair for the period of ten (.10) years from this date. This guaranty does not cover the repairing of any damage caused by negligence of other parties."

Plaintiff employed a contractor to prepare the plans and specifications for a dwelling house which he agreed to build for her. The plans called for a tin roof, but after they had been so prepared, defendant proposed to plaintiff, either directly or through the contractor, to put on a cementile roof. The contractor expressed some doubt of the wisdom of making the change on the ground the cementile was a new and untried roofing, and because he doubted whether the rafters specified would be of sufficient strength to sustain the increased load. He testified that he discussed the matter with defendant's representative, who assured him that the rafters specified were all right and asked him to reserve his judgment as to the roofing, and not condemn it without giving it a trial, as he would give a guaranty on it. Thereupon the contract was changed, so as to provide for a cementile roof. The contractor testified that he prepared the substructure for the cementile according to defendant's directions putting in extra brancings to the rafters wherever requested.

The roof leaked from the time it was put on, and plaintiff has made frequent demands on defendant to repair it; but defendant says the leaking was caused by the sagging of the rafters, which was not its fault, and now tells plaintiff not only that the roof cannot be repaired unless it is all taken off and heavier rafters substituted, but that the roof is a source of menace to the occupants of the house, on account of the excessive weight on the rafters.

If defendant assured the contractor that the rafters were sufficient to carry the load of its roofing to get the contract,

it cannot be heard to say now that they were not.    Besides,
there was testimony that the house leaked where the rafters
were not sagged.

· The Court erred in granting the nonsuit.

Judgment reversed.       .